**STATE OF MINNESOTA**                    **IN DISTRICT COURT**

**COUNTY OF RICE**                         **3ʳᴰ  JUDICIAL DISTRICT**

Case Type: Telephone Consumer Protection Act of 1995 (TCPA)
**************************************************

Carrie L. Denaway,                    Court File No.

      Plaintiff,

vs.                                                              **SUMMONS**

Star Tribune Media Company, LLC,
a Delaware limited liability company,

      Defendant.

* * * * * * * * * * * * * * * * * * * *

**THIS SUMMONS IS DIRECTED TO:** Star Tribune Media Company, LLC, 650 Third Avene South, Suite 1300, Minneapolis, Minnesota 55488

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number of this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called Answer within 20 days of the date on which you received this Summons You must send a copy of your Answer to the person who signed this Summons located at:

    Mitchell R. Hadler
    Attorney at Law
    222 Ninth Street South #1600
    Minneapolis, Minnesota 55402-3382

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should

1

4. **YOU WILL LOST YOUR CASE IFYOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE LEGAL DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

The object of this action is money damages.

Dated: 18 oct 19

Mitchell R. Hadler MN ATTY ID #39172
Attorney for Plaintiff Carrie L. Denaway
222 Ninth Street South #1600
Minneapolis, Minnesota 55402-3382
Telephone: (612) 414-7361

**STATE OF MINNESOTA**                                  **IN DISTRICT COURT**

**COUNTY OF RICE**                                  **3RD JUDICIAL DISTRICT**

Case Type: Telephone Consumer Protection Act of 1995 (TCPA)

***********************************************************

Carrie L. Denaway,                **Court File No.**

    Plaintiff,

vs.                                **COMPLAINT**

Star Tribune Media Company, LLC,
a Delaware limited liability company,

    Defendant.            **Jury Trial Demanded**

***********************************************************

Carrie L. Denaway for her Complaint herein states and alleges as follows:

## INTRODUCTION

1. This is a Complaint brought by a consumer against a Defendant Star Tribune Media Company, LLC, seeking statutory damages for knowing and willful violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 and Regulations issued thereunder by the Federal Communications Commission ("F.C.C."), 47 CFR ¶ 64.1200.

2. Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the TCPA.[1]

---

[1] See *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744 (2012).

1

3. In 2017, the Federal Trade Commission ("F.T.C.") received 7,157,370 consumer complaints regarding unsolicited "robocalls," an increase of almost 2 million from the prior year.[2]

4. Hiya, a mobilephone application with call-blocking features, estimates there were 8 billion robocalls to U. S. Cellphones in the final quarter of 2018 – 32 billion for the whole year.[3]

5. In Minnesota the number of robocalls has more than doubled in the last year – with the average Minnesotan receiving 8 a month – for a total of 45,500,000 robocalls in November of 2018.[4]

6. Congress determined the legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls.

---

[2] See https://www.ftc.gov/policy/reports/policy-report/commission-staff-reports/national-do-not-call-book-fy-2. See Minneapolis, Minnesota STAR/TRIBUNE , Thursday, November 15, 2018, Page 1A, "Robocalls Hit Epidemic Levels."

[3] See WALL STREET JURNAL, Wednesday, January 2, 2019, Page B4 – "'Spoofing' Spreads Anger Over Robocalls." By Sarah Krause.

[4] See Minneapolis, Minnesota STAR/TRIBUNE, December 30, 2018, Page A1, Mark Boswell.

# Minneapolis, Minnesota
# STAR/TRIBUNE
# SUNDAY, JANUARY 6, 2019



3

## JURISDICTION

7. Jurisdiction in this Court is under § 227(b)(3) of the TCPA[5] permitting actions to be brought in the state court where the violations occurred.

## VENUE

8. Venue is proper in this district because the violations complained of occurred in this district and the Plaintiff resides in this district.

## PLAINTIFF CARRIE L. DENAWAY

9. Plaintiff Carrie L. Denaway ("Plaintiff") is a senior adult and resides at 110½ Seventh Street West, Northfield, Minnesota 55057-2466, Rice County.

10. Plaintiff's cellphone number is (925) 201-1608.

## DEFENDANT STAR TRIBUNE MEDIA COMPANY, LLC

11. Defendant Star Tribune Media Company, LLC ("Defendant") is a Delaware limited liability company with a Principal Executive Office Address at 650 3rd Avenue South, Suite #1300, Minneapolis, Minnesota 55488, County of Hennepin.

---

[5] 47 U.S.C. § 227(b)(3): Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State – (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation; (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions."

4

## FACTUAL ALLEGATIONS

15. Monday, March 11, 2019, @ 5:00 p.m. Central Standard Time Defendant used an automatic telephone dialing system (ATDS) and an artificial and/or prerecorded voice to call Plaintiff's cell telephone.

16. The Caller ID feature of Plaintiff's cell telephone showed (952) 356-1227.

17. Plaintiff picked up the call and a recorded voice said,

> **"Congratulations – do you want to be put in a drawing for a $25 gift card for Target or Cub and get a free subscription to the Star/Tribune?"**

18. Plaintiff hung up the phone and the same number immediately called back.

19. Plaintiff did not pick up.

20. Defendant's robocalls wasted Plaintiff's time and deprived the Plaintiff of the legitimate use of the cellphone while she dealt with the robocalls and depleted the Plaintiff's cellphone battery - "nuisances" of the sort Congress enacted the TCPA to stop.[6]

21. Plaintiff never requested to be called by Defendant.

22. Plaintiff has not given Defendants prior express written permission to call her cell telephone using an automatic telephone dialing system (ATDS).

---

[6] See *Susinno v. Work Out World, Inc.*, No. 16-3277 (3d Cir. 2017).

5

23. Plaintiff had no prior existing business relationship with the Defendants.

24. Defendant's robocalls to Plaintiff's cell telephone were not made for charitable, political or religious purposes.

25. Defendant's robocalls to Plaintiff cell telephone were each an "unsolicited advertisement" within the meaning of the TCPA.

26. March 21, 2019, Plaintiff sent a letter to Defendant requesting a copy of their do-not-call policy for telemarketing purposes and obtained a United States Postal Service Certificate of Mailing for the letter.

27. To date Defendant has not sent Plaintiff a copy of its do-not-call list policy for telemarketing purposes.

## COUNT ONE

### Violation of § 227(b)(1)(A)(iii) of the TCPA[7]

28. Plaintiff restates and incorporates by reference the above Paragraphs.

---

[7] 47 U. S. C. § 227(b)(1)(A)(iii): "Restrictions on use of automated telephone equipment. (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, - (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

29. Defendant's robocalls to Plaintiff's cell telephone using an automatic telephone dialing system (ATDS) telephone were both made knowingly and willfully[8] and violated § 227(b)(1)(A)(iii) of the TCPA two (2) times.

## COUNT TWO

### Violation of § 227(b)(1)(B) of the TCPA

30. Plaintiff restates and incorporates by reference the above Paragraphs.

31. Defendant's robocalls to Plaintiff's cell telephone were both made knowingly and willfully using an ATDS where Plaintiff and Defendant did not have a prior existing business relationship violated § 227(b)(1)(B) of the TCPA two (2) times.

## COUNT THREE

### Violation of 47 CFR ¶ 64.1200(d)(1) of FCC Regulations[9]

---

[8] *Sengenberger v. Credit Control Services, Inc.*, No. 09 C 2796, 2010 U. S. Dist. LEXIS 43874, 2010 WL 1791270, at *6 (N. D. Ill., May 5, 2010)"Courts have generally interpreted willfulness to imply only that an action was intentional – the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision [], rule or regulation.'"

[9] 47 CFR ¶ 64.1200(d)(1): "(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

7

32. Plaintiff restates and incorporates by reference the above Paragraphs.

33. Defendant's failure to send Plaintiff a copy of its do-not-call telemarketing policy violated ¶ 64.1200(d)(1) of the FCC Regulations issued pursuant to the TCPA.

**DEMAND FOR JUDGMENT**

34. Plaintiff Chester C. Graham requests an Order of this Court:

   (A) Declaring that Star Tribune Media Company, LLC willfully and knowingly violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA two (2) times each and ¶ 64.1200(d)(1) of the FCC Regulations under the TCPA once and is liable to Plaintiff Carrie L. Denaway for treble damages for all counts for a total of $7,500.00;[10]

   (B) Ordering Defendant Star Tribune Media Company, LLC to pay Plaintiff Carrie L. Denaway $7,500.00.

   (C) For such further relief as the Court deems necessary and just.

---

[10] The court may treble the damage award if it finds that the defendant's violations were willful or knowing. 47 U.S.C. § 227(b)(3). The consumer need not prove any monetary loss or actual damages in order to recover the statutory penalty. *Lary v. America Med. Practice Servs.*, 909 So. 2d 204 (Ala. Civ. App. 2005); *Kaplan v. Democrat & Chron.*, 701 N.Y.S.2d 859 (N.Y. App. Div. 1999) reversing dismissal of complaint of consumer who sued after receiving three telephone calls soliciting newspaper subscription in violation of the TCPA but could not show any monetary loss; *Kaplan v. First City Mortgage*, 701 N.Y.S.2d 859 (N.Y. City Ct. 1999).

8

Date:   _____
         Mitchell R. Hadler, Esq. Atty. ID#39172
         Attorney for Carrie L. Denaway
         222 South Ninth Street – Suite 1600
         Minneapolis MN 55402-3382

         Telephone: (612) 414-7361

## ACKNOWLEDGEMENT

The undersigned acknowledges that he may be assessed costs, disbursements, witness fees and attorney fees pursuant to Minn. Stat. § 529.211.

_____
Mitchell R. Hadler, Esq.